UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                       C/M
------------------------------------------------------------- X
                                                              :
  MARTIN R. ANDERSON,                                         :
                                                              :
                      Plaintiff,                              :   **MEMORANDUM DECISION AND**
                                                              :   **ORDER**
            - against -                                       :
                                                              :   18-cv-1525 (BMC) (RML)
  ALCLEAR, LLC,                                               :
                                                              :
                      Defendant.                              :
------------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff, proceeding *pro se*, commenced this action against his former employer, AlClear LLC, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990, 42 U.S. C §§12112 to 12117 ("ADA"). The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and directs plaintiff to submit an amended complaint within twenty days of the date this Order is entered on the docket.

## BACKGROUND

The following facts are taken from the complaint and the attachments to it (the February 21, 2018 Right to Sue Notice ("Right to Sue Notice") from the Equal Employment Opportunity Commission and the Verified Complaint filed by plaintiff with the New York State Division of Human Rights ("NYS Charge of Discrimination")). See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) ("A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted); Fed.

1

R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Plaintiff was employed by defendant from November 7, 2016 to July 12, 2017 as an "Ambassador" or salesperson. The discriminatory conduct of which he complains in this action is the termination of his employment, unequal terms and conditions of employment, failure to accommodate his disability and retaliation. He states that defendant discriminated against him based on his national origin ("Jamaican W.I."), race ("black") and disability (an eye condition). Neither the complaint nor the NYS Charge of Discrimination include allegations or facts regarding discrimination. All of the allegations concern being treated unfairly by his supervisors, failure to follow procedure outlined in the manual, the poor caliber of the management, and getting no relief from his complaints to management. His only example of disparate treatment is regarding other employees who were not penalized for being late like he was; he does not, however, state any connection between this disparity and his race, national origin, disability or perceived disability. As stated and liberally construed, the complaint alleges that plaintiff was treated badly by defendant and ultimately fired, but he does not connect an adverse employment action with his race, national origin or disability.

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions. Id. In reviewing a *pro se* complaint, the court must be mindful

that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff files this employment discrimination action pursuant to Title VII and the ADA. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to establish a Title VII violation, plaintiff is required to plausibly allege facts that "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 84-85 (2d Cir. 2015) (quoting Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015)). To establish a *prima facie* discrimination case under the ADA, a plaintiff must allege that "(1) the defendant is covered by the ADA, (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA, (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." Kinnery v. City of New York, 601 F.3d 151, 155-56 (2d Cir. 2010) (citations omitted); see Brady v. Wal–Mart Stores, Inc., 531 F.3d 127, 134 (2d Cir. 2008)

3

(outlining disability *prima facie* test). However, "plaintiff need only give plausible support to a minimal inference of discriminatory motivation" at this stage. Vega, 801 F.3d at 84.

As to plaintiff's discrimination claims under Title VII or the ADA, the complaint is devoid of any facts or circumstances giving rise to an inference of discrimination. See Ruston v. Town Board of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions" and must "plausibly suggest an entitlement to relief"); Arista Records LLC v. Doe 3, 604 F.3d 110, 120–21 (2d Cir. 2010) (although Twombly and Iqbal do not impose a heightened pleading standard in employment discrimination cases, a plaintiff must still plead enough facts to make his claim plausible). The thrust of Plaintiff's allegations is that management in the company was unresponsive to his complaints about his supervisors, "verbally harassed" him for being tardy and other minor infractions, and ultimately fired him.

Plaintiff's "mere subjective belief that he was discriminated against . . . does not sustain a . . . discrimination claim." Sethi v. Narod, 12 F.Supp.3d 505, 536 (E.D.N.Y. 2014) (quotation marks omitted). "Hostility or unfairness in the workplace that is not the result of discrimination against a protected characteristic is simply not actionable." Nakis v. Potter, No. 01 Civ. 10047, 2004 WL 2903718, at *20 (S.D.N.Y. Dec. 15, 2004) (citing Brennan v. Metro Opera Ass'n, 192 F.3d 310, 218 (2d Cir. 1999)); Gue v. Suleiman, No. 10 CIV. 8958, 2012 WL 4473283, at *8 (S.D.N.Y. Sept. 27, 2012) (the plaintiff's "own subjective beliefs" that he was discriminated against based on national origin and race were insufficient to survive summary judgment); Karim-Seidou v. Hosp. of St. Raphael, No. 09-CV-51, 2012 WL 6628886, at *5 (D. Conn. Dec. 19, 2012) (same). Plaintiff's subjective belief of discrimination is not sufficient to support the inference that the defendant discriminated against him based on a protected characteristic.

4

The Court finds that the complaint, as currently stated, does not have "facial plausibility" because plaintiff has failed to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Therefore, plaintiff's employment discrimination claims are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Should he wish to pursue such an employment discrimination claim, plaintiff may submit an amended complaint and provide facts in support of his claim or claims. See Ruston, 610 F.3d at 59; Arista Records LLC, 604 F.3d at 120-21. To the extent plaintiff may wish to raise an ADA claim, the fact that he has an eye condition is not enough; in order to state a claim he must plead some connection between an adverse employment action and his disability or perceived disability. As to a Title VII claim, plaintiff must allege facts that provide minimal support for the proposition that the employer was motivated by discriminatory intent.

## CONCLUSION

Accordingly, the complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

However, in light of this Court's duty to liberally construe *pro se* complaints, Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000), plaintiff is given twenty days leave to file an amended complaint. Should plaintiff have a basis for claim or claims of employment discrimination, he should provide facts in support of such claim(s). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure and it must "plead enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plaintiff is advised that the amended complaint will completely replace his first complaint so he is encouraged to include any and all claims he seeks to raise against the defendant. The amended

5

complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.  The Clerk of Court is respectfully requested to provide plaintiff with an employment discrimination complaint form.  No summons shall issue at this time and all further proceedings shall be stayed for twenty days or until further order of the Court.  If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).  If plaintiff fails to amend his complaint within twenty days of the date that this Order is entered on the docket, the Court shall dismiss this complaint for failure to state a claim on which relief may be granted and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       March 14, 2018