```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                                              C/M
----------------------------------------------------------- X
                                                           :
MARTIN R. ANDERSON,                                        :
                                                           :
                        Plaintiff,                         :  **MEMORANDUM DECISION AND**
                                                           :  **ORDER**
            - against -                                    :
                                                           :  18-cv-1525 (BMC) (RML)
ALCLEAR, LLC,                                              :
                                                           :
                        Defendant.                         :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff, proceeding *pro se*, commenced this action against his former employer, AlClear LLC, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 *et seq.* ("Title VII), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§12112 *et seq*. ("ADA"). By Order dated March 14, 2018, the Court dismissed the complaint for failure to state a claim upon which relief may be granted but permitted plaintiff to file an amended complaint. Plaintiff has submitted an amended complaint alleging Title VII and ADA claims against defendant. For the reasons set forth below the ADA claim is dismissed, but the Title VII claim may proceed.[1]

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility

---

[1] Although the amended complaint replaces the complaint, see Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir.1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir.1977)), given plaintiff's *pro se* status, the Court will consider the February 21, 2018 Right to Sue Notice ("Right to Sue Notice") from the Equal Employment Opportunity Commission and the Verified Complaint filed by Plaintiff with the New York State Division of Human Rights ("NYS Charge of Discrimination") attached to the original Complaint.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions. Id. In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89 (2007). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action, if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii).

In its March 14, 2018 Order, the Court set forth what is needed in order to establish a *prima facie* discrimination case under Title VII and the ADA, why the complaint failed to state such claims, and how plaintiff could remedy the deficiencies. In the amended complaint, plaintiff has put forth minimally adequate support for his Title VII claim by alleging that his employer discriminated against him because he is Jamaican. However, plaintiff has failed to state a claim under the ADA. In fact, the complaint is devoid of any allegations giving rise to an inference of discrimination on the basis of his disability or perceived disability. See Ruston v. Town Board of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("Under Iqbal, factual allegations must be sufficient to support necessary legal conclusions" and must "plausibly suggest an entitlement to relief"); Arista Records LLC v. Doe 3, 604 F.3d 110, 120-21 (2d Cir. 2010) (although Twombly and Iqbal do not impose a heightened pleading standard in employment

2

discrimination cases, a plaintiff must still plead enough facts to make his claim plausible). Like with his complaint, Anderson states that he has the eye condition keratoconus, but he does not satisfy any other part of an ADA claim. For example, he does not state how, if at all, it affected his ability to perform his job or affected his employer's perception of how he was able to perform his job, and he mentions no connection between an adverse employment action and his disability or perceived disability.

## CONCLUSION

Accordingly, plaintiff's ADA claim is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may proceed with his Title VII claim. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962); § 1915(e)(2)(B)(ii).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       May 14, 2018