```
UNITED STATES DISTRICT COURT                                                    C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------  X
MARTIN R. ANDERSON,                                         :
                                                            :   **MEMORANDUM DECISION**
                                         Plaintiff,         :   **AND ORDER**
                                                            :
                    - against -                             :   18-cv-1525 (BMC) (RML)
                                                            :
                                                            :
ALCLEAR, LLC,                                               :
                                                            :
                                         Defendant.         :
----------------------------------------------------------  X
```

**COGAN**, District Judge.

Defendant filed a letter requesting a premotion conference to discuss its intended motion to dismiss. In its letter, defendant states that the motion will be based on plaintiff's purported failure to exhaust his administrative remedies before filing his Title VII lawsuit. The premotion conference is waived, and the letter is deemed to constitute defendant's motion to dismiss. For the reasons that follow, defendant's motion is denied.

## DISCUSSION

"Before an individual may bring a Title VII suit in federal court, the claims forming the basis of such a suit must first be presented in a complaint to the EEOC or the equivalent state agency." Williams v. New York City Hous. Auth., 458 F.3d 67, 69 (2d Cir. 2006). In other words, a plaintiff must exhaust his or her administrative remedies before seeking relief from the federal court system. However, there is an exception to this exhaustion requirement for claims which are "reasonably related" to those filed with the agency. Id.

The Second Circuit has recognized three situations in which claims may be considered "reasonably related" for exhaustion purposes: (1) "where the conduct complained of would fall

within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination'"; (2) claims "alleging retaliation by an employer against an employee for filing an EEOC charge"; and (3) "where a plaintiff alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge." Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1402-03 (2d Cir. 1993), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072. Because plaintiff's Amended Complaint pleads additional conduct that occurred during the same time period complained of in the EEOC charge, the Court will analyze plaintiff's claims under the first category, which is also the most common avenue for pleading reasonably related claims.[1]

"[The first category] 'is essentially an allowance of loose pleading' and is based on the recognition that 'EEOC charges frequently are filed out by employees without the benefit of counsel and that their primary purpose is to alert the EEOC to the discrimination that a plaintiff claims [he] is suffering.'" Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003). In determining whether claims are reasonably related, the focus should be "on the factual allegations made in the [EEOC] charge itself, describing the discriminatory conduct about which a plaintiff is grieving." Id. "The central question is whether the complaint filed with the EEOC gave that agency

---

[1] Plaintiff's new facts could also arguably fall under the third category of reasonably related claims as further acts of discrimination carried out in the same manner. "The rationale behind this exception is that the EEOC had the opportunity to investigate the method of discrimination manifested in prior charged incidents, if not the particular subsequent discriminatory act. Furthermore, this exception recognizes that the goal of successful settlement is unlikely in cases where the EEOC was unable to resolve earlier, similar claims." Oteri-Harkins v. City of New York, No. 97-CV-2309, 1998 WL 817689, at *7 (E.D.N.Y. Feb. 5, 1998) (internal citations omitted). Courts normally employ this category when a plaintiff complains of additional discriminatory conduct that took place after the plaintiff filed the EEOC complaint. See, e.g., Rommage v. MTA Long Island Rail Rd., No. 08-CV-836, 2010 WL 4038754, at *7 (E.D.N.Y. Sept. 30, 2010), aff'd, 452 F. App'x 70 (2d Cir. 2012); Zagaja v. Vill. of Freeport, No. 10-CV-3660, 2015 WL 3507353, at *15 (E.D.N.Y. June 3, 2015). That is not the case here, but the Court sees no reason why it can't apply the same rationale to reach its conclusion that plaintiff has exhausted his administrative claims. Plaintiff describes three new facts pertaining to an identical claim of national origin discrimination, which the EEOC already had an opportunity to investigate and consider.

2

'adequate notice to investigate discrimination on both bases.'" Williams, 458 F.3d at 70. To provide such adequate notice, the charge must contain "'[s]pecific factual allegations,' rather than vague, generalized statements." Zagaja, 2015 WL 3507353, at *15; see also Butts, 990 F.2d at 1403 (dismissing certain claims for lack of exhaustion where EEOC charge only alleged that plaintiff had "consistently been the target of discriminatory practices and treatment" and was "denied promotional opportunities and consideration based on my race and sex").

However, courts have found that, even where the allegations in an EEOC charge are brief, they can still "pass muster" under the Second Circuit's reasonably-related standard described above. See Zagaja, 2015 WL 3507353, at *15. Specifically, if an EEOC charge contains "a number of discriminatory acts . . . in a generalized manner," the plaintiff's claims may still be deemed exhausted if sufficient details are included to allow the agency to uncover the specific discriminatory conduct complained of through a meaningful investigation. See id. ("The fact that the plaintiff provided the specific date of the demotion in one section of the charge, but then referred to a number of discriminatory acts in another section in a generalized manner ('passed over for promotions, mistreated, demoted, and otherwise denied equal and fair treatment' by Mayor Hardwick) did not prevent the EEOC from conducting a meaningful investigation of the March 8, 2010 demotion by the Mayor, allegedly based on race and gender."); see also Butts, 990 F.2d at 1403 (finding two of plaintiff's claims exhausted where EEOC charge claimed plaintiff's supervisor held "department reorganizational meetings" without informing her of those meetings or their results, but complaint alleged that plaintiff was excluded from "discussions about the department's participation in a city-wide study of ways to improve efficiency" and "the proposed move of the department"); Fleming v. Verizon New

York, Inc., 419 F. Supp. 2d 455, 464 (S.D.N.Y. 2005) ("Taken together, these allegations should have caused the EEOC to investigate discrepancies along both race and gender lines.").

This is not a case in which a claimant administratively raised one basis for illegal discrimination and then sought to sue on another, e.g., race discrimination versus sex discrimination. Instead, plaintiff has pleaded three new facts demonstrating his claim of discrimination on the basis of national origin. Each one is reasonably related to the facts included in plaintiff's EEOC charge.

First, defendant claims that the EEOC did not have adequate notice of a statement allegedly made by one of plaintiff's supervisors that "Jamaicans are taking over." The Court fails to see why. Plaintiff indicated in the EEOC charge that he was discriminated on the basis of his national origin, that he was Jamaican, and that he was verbally harassed "more than any other worker" during his time of employment. Plaintiff's use of the word "worker" in this instance indicates that the individuals whom plaintiff believes verbally harassed him (and his coworkers) were his superiors. This Court is confident that the EEOC can put two and two together and would think to investigate whether members of management made inflammatory statements directed at plaintiff about his Jamaican national origin based on the details provided in plaintiff's charge.

Second, defendant claims that the EEOC did not have adequate notice of plaintiff's claim that defendant provided health insurance benefits to every other employee except him. Defendant's argument for dismissal is strongest with respect to this fact, because the narrative portion of plaintiff's charge does not state that defendant denied him health insurance. However, under the section of plaintiff's charge entitled "Acts of alleged discrimination," plaintiff checked a box indicating that the company denied him services. Given the "loose pleading" standard

permitted in this analysis, the Court will equate "services" with "benefits" here. There is presumably a discrete number of benefits that defendant offers to all of its employees. Health insurance is one example, and this box should have signaled to the agency that plaintiff may have been denied certain benefits. All the agency had to do was look at the defendant's limited universe of benefits and confirm whether plaintiff received them. In addition, plaintiff's charge even describes a medical condition, which suggests that there may have been issues with his health. Here, plaintiff sufficiently directed the agency to the facts that he had medical issues and was denied services; as a result, an alleged denial of health care benefits can reasonably be expected to fall within the scope of the agency's investigation into his claims.

Finally, defendant claims there was inadequate notice of plaintiff's allegation that defendant did not discipline plaintiff's Indian coworker for a policy violation. This is wrong. Plaintiff states in his charge that he was unfairly written up more than any other employee and that he knows that other employees were not disciplined for certain actions. The EEOC does not need to be told the nationality of other employees to successfully investigate whether plaintiff was subject to disparate treatment on the basis of his Jamaican heritage. The point of the administrative charge is to allow the agency to conduct a meaningful investigation; it is not for the plaintiff to conduct this investigation himself.

## CONCLUSION

Defendant's motion to dismiss is denied.

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
August 10, 2018